Your argument now in the case of the United States v. Ford. Thank you, Your Honor. Mr. Leon. Thank you, Your Honor, and may it please the Court, my name is Jacob Leon and I represent Jerome Ford on appeal. The sole question on appeal is whether this Court should vacate an unannounced supervised release condition that requires Mr. Ford to pay his fine according to a schedule of payment sheet. This Court should vacate that unannounced supervised release condition in light of Seventh Circuit cases like Albarré, Johnson, and Ansys. Mr. Leon, if we agree with you that the fine payment condition is not mandatory, query whether Mr. Ford's challenge is ripe. Specifically, this condition rests on a contingency, correct? That there be an outstanding balance upon Mr. Ford's release. Is there anything to suggest that Mr. Ford will have a balance remaining on his fine when he gets released from prison? Your Honor, there's nothing in the record that shows beyond a reasonable doubt that he will have paid this fine by the time he exits prison, and I would point the Court to Ansys as well. Those conditions did not take or go into effect until years and years later, and this Court still vacated them because the error itself added additional legal obligations to Mr. Ford's situation. In fact, isn't there language in this condition that says payment to begin immediately? That's correct, Your Honor. Because that is our best reading of that, but that affects him now, meaning he has to pay immediately now while he's in prison, so the condition does affect him now? I think it does affect him now to some extent, but he will still be subject to a payment schedule if this Court vacates the condition. The difference is he doesn't face a revocation of supervised release if he fails to pay. So, okay, the clarification you're offering us is that if we were to agree with you and say that, you know, the condition needs to be stricken, he still has to start paying immediately in prison anyway pursuant to other parts of the judgment. That's right. But the error itself, to the extent the Court is asking about harmless error, the error is harmful because when you consider the error, it's not only the failure to announce, but it's the entry of that condition onto the written judgment form, and that puts additional legal obligations on Mr. Ford. It's also harmful because it violated his right to be present at sentencing. He had no notice about this condition. Are you contesting the rule that mandatory conditions need not be announced orally? I'm not contesting that because Anstis held that mandatory conditions that are mandated by statute need not be announced at the sentencing. Can we distinguish between those mandated by statute and those mandated by the guidelines? I am aware of no case in this Court that has done so, but I think the guidelines are advisory, and unless the Court is willing to say— Why do you say this part of the guidelines is advisory? Booker implements the Apprendi rule and is based on the view that the guidelines set minimum and maximum times in prison. Conditions of supervised release are totally unrelated to Apprendi. No one has ever argued that a jury should establish conditions of supervised release unrelated to minimum and maximum sentences. Why would Booker have anything to do with the conditions of supervised release? Well, because I think Booker as a whole rendered the guidelines advisory. No, Booker rendered the time of imprisonment rules in the guidelines advisory based on Apprendi. I'm asking you about the rationale of Booker and how far that rationale goes. My position is that the rationale does extend to supervised release conditions. Is that because Apprendi applies to conditions of supervised release? No, Your Honor, but I've never seen the Court distinguish between that aspect of the guidelines. There was no question before the Supreme Court in Booker about terms of supervised release. Has the Supreme Court ever held that either Booker or Apprendi applies to terms of supervised release? Not that I'm aware of. No. Has this Court? No. Has any Court? Well, any is a large universe, so I don't know the answer. Is your position that the converse is true as well, that we don't have a Court holding that the guidelines aren't advisory in this manner as far as the mandatory conditions of supervised release? That's correct, Your Honor. And I think generally the parties in this case have assumed that the guidelines are advisory and cannot render a condition mandatory. I think the best counterargument to my position is 18 U.S.C. 3624, and the government does rely on that to some extent, but I don't find that persuasive because it doesn't render the condition a mandatory one of supervised release. It just says that the Bureau of Prisons shall notify a prisoner of any installment schedule. So I'll go back to where I was before the first question. I think Albert A. Johnson had asked to stand for the legal principle that if a district court fails to announce a discretionary supervised release condition at the sentencing hearing and then later adds that condition to the written judgment, it is a nullity and must be vacated. Here, applying that principle, the parties agree that the district court failed to orally announce the schedule of payment condition at Mr. Ford's sentencing and then added that condition to the written judgment. So the parties agree that the district court's oral sentence and its written judgment are inconsistent. Mr. Leon, I want to take you back to the point about the payment of the fine being due immediately. That's not the portion of the supervised release that you're challenging. You're challenging the fine payment condition, correct? That's correct. So we know, I think we know, that the fine doesn't accrue interest, correct? That is correct. And he has to have a job in prison, so he'll have some wages, correct? That's not correct, Your Honor. Not all prisoners are required to work. There are exceptions, and even when prisoners do have to work, they don't necessarily work 40 hours a week. Some of my clients work one to three hours a week, and they only make 12 cents per hour. Do you happen to know whether or not he falls into an exception excluding him from employment? Nothing in the record shows beyond a reasonable doubt that he does, Your Honor. For the fine, he'd have to have a payment plan, correct? Yes, that's correct. And so we can conclude his wages would have to be garnished, right? Any wages that he would supposedly receive while in prison could be garnished. What I'm getting towards is the contingent nature of the fine payment condition. And if that's going to, again, raise a question with regard to whether or not the challenge is right. Again, Your Honor, I think this is just ASTIS squared as to discretionary conditions. In ASTIS, there was a condition that was put in the judgment form that said a person or the defendant must report to the probation officer within 72 hours of release. And this court vacated that, even though it was contingent on the defendant not reporting to probation. So I see it very difficult to distinguish between ASTIS and this case on the contingent nature of the fine condition. And I think that's generally true for almost all supervisory release conditions. They go into effect when the inmate leaves prison. So if he has to show something that's not contingent, he would never be able to challenge supervisory release conditions while he has counsel. Well, he would be able to. He'd have to do so at the time of the sentencing. And that goes back to your point about whether or not it's stated or not. Exactly. And Mr. Ford is not going to be able to articulate these principles when he exits prison because he will not have counsel. And he has been penalized before for failure to pay, and that's on the PSR at pages 11 and 12. So I don't think it's speculative to conclude that he could have the ability to pay and not pay once he exits prison. So one final point I'll make is that the real reason we're here is because the preprinted judgment form is incorrect. That form labels the schedule of payment condition as a mandatory condition when it's not. This is what happened in ASTIS, and this court vacated the incorrectly labeled conditions in ASTIS. And forwarded its opinion to the clerk of court so the judgment form could be amended. If the court agrees with us, we would ask it to do the same here. If the court has no further questions, I would like to reserve the remainder of my time for rebuttal. Certainly, counsel. Mr. Gibson. Thank you, Your Honors. Patrick Gibson for the United States. May it please the court, we would respectfully request that the court affirm the trial court's judgment in this case. Starting off, it's important to look at the potential impact to Mr. Ford and what could possibly happen if he doesn't pay this fine. Can his supervised release be revoked? Well, you can't be revoked for something that happens. Counsel, let's begin with the legal principle. Are you contending that the mandatory conditions in the guidelines are outside the scope of Booker? So the mandatory conditions. I didn't see this argument in your brief. Correct, Your Honor. I think what it turns to with that is looking if there's a statutory hook because that's how the court is. Are you aware of any decision either by the Supreme Court or by this court holding that the Sentencing Commission no longer has the authority to make particular terms of supervised release mandatory? I am not, Your Honor. So why isn't that being contested? Well, let me take that back. The executive branch can choose what to contest and what not, but I looked for such a holding and couldn't find any. Correct, Your Honor. And I think looking at the intent, was it the intent to make this mandatory? You look at the statutes and how they apply. So certainly the supervised release statute, Title 18, United States Code Section 3583, does not specifically have payment according to the schedule as a condition of supervised release. But when you look at the intermingling of the probation statute, 3563, with the supervised release statute, along with the fact that the guideline in this case makes a sub-reference to the release from prison statute, 18 United States Code 3624, it does seem to indicate that the intent is to make it mandatory. And while there's not a specific statutory hook with this, I think that you can look at it all together as a whole to determine that it should be considered mandatory. And I understand it is kind of a gray area, but it's looking at all these different things together as a whole. Mr. Gibson, your thoughts on this rightness question? Yes, Your Honor. So right now we don't have a firm answer as to if this defendant's in prison industries, if he's going to get into prison industries, and what his payment plan would be at the Bureau of Prison. And the reason for that is he's not currently in the Bureau of Prison. He's in a local Indiana state court dealing with a state case there while he's still in custody. And so what will happen is after he goes to the Bureau of Prison, if he's put into prison industries, then a payment schedule will be made, and then it can be garnished from his wages. And over a period of 96 months, this $250 fine comes to somewhere about $2.61. I don't understand the reference to garnishment. Garnishment is a state law procedure to collect a judgment. I assume you're referring to the inmate fiscal responsibility program. Yes, Your Honor. That's not garnishment. That's correct. I apologize for misstating that. Yes, that is what the Bureau of Prison would do. And so at that point, since he can't be revoked for something that occurs while he's in prison, he also— I think you mean his supervised release can't be revoked. Correct. I don't know what it would mean for Mr. Ford personally to be revoked. His supervised release and also his supervised release cannot be revoked if he cannot willfully pay the fine as well, as, of course, the case law establishes that we're not seeking to make debtors prisons. And so the end result is when Mr. Ford walks out of prison, he's not going to be slapped in handcuffs, say, you violated your supervised release by not paying this fine in accordance with the schedule, and you're going back to prison. Even if he is released at that point, it's a mandatory condition pursuant to Title 18 United States Code Section 3624 that he pay any outstanding fine in accordance with an installment schedule. And that schedule establishes that it's a maximum term of two years at that point if he gets out of prison, unless there's special circumstances. So obviously that's a little bit different than the guideline, but he would still be subject to that if he is released and that payment is not made. And so taking this all together as a whole, the lack of harm to the defendant in this case, along with the effect that considering all these statutes together along with the guideline, seems to indicate that it is mandatory and that the pronouncement of the district court, the trial court, was not meaningfully inconsistent with the written judgment Based on that, unless there's any other further questions, we would submit on our brief and ask the court to affirm. Thank you. Thank you, Mr. Gibson. Anything further, Mr. Leone? Thank you, Your Honor. Just briefly, I would like to touch upon Judge Brennan's ripeness question. I see no way to rule that this issue is not ripe, but the issues in Hostess and Johnson were ripe. So I think it would present a tension in the case law. If the court has no further questions, I would ask the court to strike the condition and affirm a modified judgment. There's no reason for resentencing. Thank you. Thank you. Thank you very much. The case is taken under advisement.